**John J. Noonan, Appellee, v. Saline County Coal Company, Appellant.**

1. JURIES—*ground for challenge.* Challenges for cause on the ground that the juror and the plaintiff are members of the same secret organization are properly denied where it is explained that the object of the organization is to protect its members in their contractual and business relations with their employers, and does not interfere with their duties as jurors in cases between a member and an employer.

2. MINES AND MINERS—*evidence.* In an action for injuries caused by an alleged wilful violation of the Mines and Miners Act, it is not error to admit evidence of the condition of the roof on Saturday preceding the Monday on which the accident occurred, where there was ample evidence by machine runners and others that the dangers either were the same on both days or were more imminent on Monday.

3. MINES AND MINERS—*questions for jury.* Where a mine examiner testifies that he examined an entry on the day of an accident and found only one loose spot, and put up no danger signal, but there is evidence that the roof for some distance was loose two days before the accident, it is a question for the jury whether or not the examiner consciously failed to properly examine the mine.

4. MINES AND MINERS—*when knowledge by miner of dangers no defense.* Where a miner injured by a fall of rock was ordered to clean up a fall, and there is no evidence that he was employed to make dangerous roofs safe, knowledge by him of the dangers would be no defense to counts charging that the miner was allowed to enter the mine, not under the direction of the mine manager, and that there was wilful failure to examine and place a mark as notice to keep out.

5. MINES AND MINERS—*instructions.* An instruction to the effect that if the mine manager ordered a miner, who was injured by a fall of roof, to go to the place of the accident and directed him what to do, that he was under the direction of the manager, is properly refused where the miner was directed to clean up a fall, but not to make the roof safe.

6. MINES AND MINERS—*duty to have mine examined and dangerous places designated.* It is the duty of an owner or operator of a mine to have it examined and to have dangerous places designated by the statutory marks and if he fails, with knowledge of its condition or of facts from which he ought to have known, he is liable.

7. MINES AND MINERS—*sufficiency of examination of mine.* An instruction which tells the jury that it was sufficient if a mine examiner made an honest, reasonable and good-faith examination is properly refused, since such an examination is not enough.

Action in case for personal injuries. Appeal from the Circuit Court of Saline county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the March term, 1912. Affirmed. Opinion filed October 7, 1912.

M. S. WHITLEY, for appellant; MASTIN & SHERLOCK, of counsel.

· H. ROBERT FOWLER and JOHN L. THOMPSON, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

Appellee employed in the coal mine of appellant charged it with a wilful failure to comply with the provisions of the statute in relation to mines and miners in consequence of which he received an injury. The two first counts of the declaration were based on section 18 of the statute. Each of said counts averred a dangerous condition in appellee's working place and

the breach charged in the first count was in allowing appellee to enter the mine to work before the dangerous condition had been made safe, not under the direction of the mine manager; and the second charged a wilful failure to examine and place a conspicuous mark there as notice to all men to keep out. The third count charged a breach of duty at common law in negligently failing to furnish appellee with a reasonably safe place to work. A trial of the issues resulted in a verdict and judgment in favor of appellee.

The argument of appellant in this court relates to the alleged errors of the court in passing upon challenges of jurors; in admitting improper evidence; in not directing a verdict for appellant at the close of the evidence, and in the giving and refusal of instructions.

It appears from the examination that four jurors called to try the case were challenged by appellant for cause, on the ground that they were members with appellee of the organization known as the "United Mine Workers of America." The challenges for cause being overruled, four of the number were challenged peremptorily. The fifth was also challenged for the same cause and the challenge denied. Whereupon he became a member of the jury to try the case, appellant's challenges having been exhausted before the examination of the fifth juror was reached.

It is urged by appellant that all of said jurors so challenged were disqualified on the ground that they and appellee were members of the organization above mentioned, and that the challenges for cause should have been allowed.

It is not contended that the challenged jurors lacked any of the qualifications fixed by the statute, nor were any of them interested in the result, or related to appellee by ties of consanguinity or affinity. Neither of them had any opinion of the merits of the case, either formed or expressed. The objects and purposes of the organization to which they belonged were ex-

plained to be for the mutual protection of its members in its contractual and business relations with the employer, and that although a secret organization in which the members took an oath there was nothing in the obligation or in the relations of the members with each other which interfered with their duties as jurors in cases between a member and an operator.

It was explained that the organization had nothing to do with the rights of the miner and operator under the law, and that it did not bind its members so as to prevent them as jurors from giving each party a fair and impartial trial. All these jurors stated that they could and would try the case fairly and impartially without prejudice, and no reason is perceived why they would be disqualified.

Membership in the organization was the only ground of challenge urged, and it has been held that it is not ground for challenge that a juror and one of the parties are members of the same corporation, association, or secret society. Am. & Eng. Ency. of Law, Vol. 17, p. 1131 and cases cited. There was no error in denying the challenges for cause.

Appellee was and had been for about two years engaged in appellant's mine in doing jerry and brattice work under the direction of the mine manager who directed him to go to the place where he was injured and clean up a fall of rock. This fall had occurred in an entry near the face of the coal. Appellee testified he went to the place in the entry, as directed, nearly to the face of the coal; just then some one said "look out," and he heard a crash caused by falling rock and timbers, and ran back in the effort to escape, when he was caught under some falling cross bars and injured. The fall occurred on Monday, and objection was made to the admission of testimony as to the condition of the roof of that entry on the Saturday before on the ground it did not appear the conditions were the same. The evidence is ample that the dangers of a fall of loose rock from the roof were the same. The rock

was loose on Saturday as it was on Monday when it fell, as testified to by the two machine runners who undercut the coal at the face on Saturday. One of these men, Rose, says they sounded the roof and found it loose for a distance of fifty feet back, and the condition had existed a number of days, but that it had been timbered up to within sixteen feet from the face. When it fell on appellee, it fell from the face of the coal back far enough to carry some of the timbers down upon him before he could get away. This witness was corroborated by Kissel, the other machine runner, as to the condition of the roof on Saturday. He says from the cross bars to the face (sixteen feet) it did not sound solid. To the same effect is the testimony of two or three other witnesses. There was no error in admitting the evidence of the condition of the roof on Saturday. It was, according to this testimony, loose and dangerous, both Saturday and Monday; the only difference being that the danger of a fall by lapse of time was likely more imminent on Monday.

Appellant's mine examiner testified he examined the entry on the morning of the day of the accident; that he sounded the roof and found a loose place in the righthand corner, and says this, he thinks, was the only loose place in the roof; that he didn't notice any hanging over the track between the cross bars and the face, and that he put up no danger signal or mark as notice to all men to keep out. There being evidence that the roof for some distance back from the face was dangerous on Saturday, and before, it was a question of fact for the jury whether the examiner consciously failed to properly examine the mine and mark the dangerous place. It is insisted it was immaterial whether any examination was made, as it would have given no more information to appellee than he already had when he started to the place. The record does not disclose appellee had any knowledge then of a loose roof. He was ordered to clean up a fall, and not to take down a loose roof, and as the evidence does not show

he was employed to make dangerous roofs safe, his knowledge of the dangers would be no defense to the first and second counts of the declaration. An examination of the mine, and if the place was dangerous, to make a conspicuous mark as notice to keep out was a duty appellant owed appellee. The testimony showed such danger mark was not made. The evidence warranted a recovery under the second count of the declaration for a wilful failure to mark the dangerous place. Appellee, as already stated, was sent to the place to clean up the rock by the direction of the mine manager, and it is claimed appellee was working under the direction of the manager, and Kellyville Coal Co. v. Bruzas, 223 Ill. 595, is cited as authority. That case was where the injured employee was directed to remove the dangerous condition (the loose roof). In this case appellee was not directed to remove the dangerous condition and was not, as to that danger, working under the direction of the mine manager. The evidence was sufficient to support the first count.

The evidence was also sufficient to warrant the jury in finding under the third count that appellant was negligent in not using reasonable care to furnish appellee with a reasonably safe place to work, and that he was injured while in the exercise of care for his own safety. Also that the evidence showed at least constructive notice to appellant of the danger, and that appellee did not know of it. The court did not err in refusing to direct a verdict on either count.

After a careful examination of the instructions given by the court on behalf of appellee they are found to be accurate in their statement of the law and fairly based upon the evidence.

The court's action in refusing the first five refused instructions asked by appellant, is said to be erroneous. The first was, that if appellee was ordered by the mine manager to go to the place and was directed what to do, he was under the direction of the manager. The instruction did not state the law applicable

to the facts in this case as already pointed out. The second refused instruction would bar appellee for contributory negligence and as applied to the first and second counts was incorrect. The same is true of the third and fourth instructions. The fifth would have told the jury that if the examiner made an honest, reasonable, and good faith examination, and the room was in an unsafe condition and he marked it so, that was all appellant was required to do so far as making an examination was required by law.

The mine examiner testified he posted no danger signal, but put a cross mark on the loose rock at the righthand corner indicating it was to be taken down, but found the remainder solid. As to the remainder of the roof, the effect of the instruction is that all he was required to do was to make a reasonable, honest examination in good faith. This was not the measure of the examiner's duty. It is the duty of the owner or operator of a mine to have it examined, and if it is in a dangerous condition to have the dangerous places designated by the statutory marks, and if he fails with knowledge of its dangerous condition, or with knowledge of facts from which he ought to know of its dangerous condition, he is liable. He cannot excuse himself on the ground that he had the mine examined and that he or his examiner in good faith thought there was no danger. To make an honest examination in good faith is not enough. Aetitus v. Spring Valley Coal Co., 246 Ill. 32. There was no error in refusing appellant's instructions. Finding no error the judgment will be affirmed.

*Affirmed.*